UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOEL C. HOLMES,

Petitioner,

v.

JUDGE GEORGE N. BOWDEN,

Respondent.

Case No. C19-0042-JLR-MAT

REPORT AND RECOMMENDATION

On January 9, 2019, petitioner Joel Holmes submitted to this Court for filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2013 King County Superior Court convictions on charges of intimidating a judge and felony harassment. (*See* Dkt. 1 at 1.) Petitioner indicated in his petition that he received a sentence of 36 months confinement for the challenged convictions, and that his current residence is an apartment in Seattle, Washington.

On January 23, 2019, this Court issued an Order to Show Cause in which it advised petitioner that because he did not appear to be in custody pursuant to the King County Superior Court judgment he was seeking to challenge, this Court likely lacked jurisdiction over the petition. (*See* Dkt. 4.) Petitioner was granted 30 days within which to demonstrate that this action should not be dismissed for failure of petitioner to meet the "in custody" requirement of § 2254. (*See id.*)

On February 19, 2019, petitioner filed a response to the Order to Show Cause. (Dkt. 5.) Though the document is somewhat difficult to understand, petitioner appears to identify therein a number of reasons he believes he should be deemed in custody for purposes of challenging his 2013 judgment. Petitioner first suggests that one of the conditions of community custody imposed by the sentencing judge, *i.e.*, that petitioner is prohibited from engaging in any unlawful threatening behavior or communications, constitutes a form of custody. (*Id.*) Petitioner also suggests that the firearm prohibition imposed as a result of his convictions, and the retention of his DNA by law enforcement, constitute forms of custody sufficient to permit him to proceed with this action.[1] Petitioner is incorrect.

Subject matter jurisdiction under 28 U.S.C. § 2254 is limited to those persons "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). Once a petitioner's sentence has fully expired, he is precluded from challenging that sentence because he is no longer "in custody" for purposes of federal habeas review. *Maleng v. Cook*, 490 U.S. 488, 492 (1989). The collateral consequences of an expired conviction, while sufficient to preclude mootness, are not sufficient to satisfy the "in custody" requirement of § 2254. *Feldman v. Perrill*, 902 F.2d 1445, 1448 (9th Cir. 1990) (citing *Maleng v. Cook*, 490 U.S. at 492). *See also, Carafas v. LaVallee*, 391 U.S. 234 (1968).

The "in custody" requirement of § 2254 may be met even if the petitioner is not physically confined. *Dow v. Circuit Court of the First Circuit*, 995 F.2d 922, 923 (9th Cir. 1993) (citing

[1] Petitioner also asserts that there was a delay in the imposition of sentence in the case being challenged herein until after the sentence imposed in a subsequent King County case, 18-1-02849-0 SEA, had been completed, thus giving him standing to challenge his earlier case. (Dkt. 5 at 1.) This assertion makes little sense given that the three-year sentence imposed in the case at issue here would likely have expired well before he was even charged in the 2018 case.

*Jones v. Cunningham*, 371 U.S. 236, 239-40 (1963)). However, in order to satisfy the custody requirement, the "petitioner must demonstrate that he is subject to a significant restraint upon his liberty 'not shared by the public generally.'" *Dow*, 995 F.2d at 923 (quoting *Jones*, 371 U.S. at 240). Courts have found the "in custody" requirement satisfied where a petitioner is on parole, *Jones*, 371 U.S. at 243, or probation, *Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005); a prisoner is released on his or her own recognizance pending appeal, *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973); and, a petitioner has been ordered to attend an alcohol rehabilitation program, *Dow*, 995 F.2d at 923, or complete community service, *Barry v. Bergen County Probation Dep't*, 128 F.3d 152, 161 (3rd Cir. 1997).

Petitioner has not identified any consequence of his 2013 judgment which renders him "in custody" for purposes of federal habeas review. To the extent petitioner asserts he should be deemed in custody because of a condition of community custody imposed by the sentencing court, his assertion lacks merit because he acknowledges in his response to the Order to Show Cause that his term of community custody was actually "removed" by the appellate court. It is therefore not possible that petitioner is currently subject to any conditions of community custody arising out of his 2013 judgment. (*See* Dkt. 5 at 1.)

To the extent petitioner relies on the loss of his right to possess a firearm to establish custody, courts have specifically rejected this argument, and have construed such a prohibition as merely a collateral consequence of a conviction. *See Harvey v. South Dakota*, 526 F.2d 840, 841 (8th Cir. 1975) (per curiam) (holding that loss of the right to possess a firearm is insufficient to establish render federal habeas petition "in custody"); *Williamson v. Gregoire*, 151 F.3d 1180, 1184 (9th Cir. 1998) ("registration and notification provisions are more analogous to a loss of the right to vote or own firearms, or the loss of a professional license, rather than probation or parole").

Finally, to the extent petitioner suggests that retention of his DNA by law enforcement authorities is sufficient to establish custody, he has not demonstrated that this consequence of his conviction imposes any restraint on his liberty. In sum, petitioner has not established that he is "in custody" within the meaning of § 2254, and this Court therefore recommends that petitioner's federal habeas petition be dismissed with prejudice for lack of jurisdiction.

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability, and therefore recommends that a certificate of appealability be denied.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the

/ / /

/ / /

/ / /

matter will be ready for consideration by the District Judge on **May 3, 2019**.

DATED this 5th day of April, 2019.

Mary Alice Theiler
United States Magistrate Judge